**Robert LIPSEY, Plaintiff,**

v.

**CHICAGO COOK COUNTY CRIMINAL JUSTICE COMMISSION, et al., Defendants.**

**No. 81 C 2232.**

United States District Court, N.D. Illinois, E.D.

Feb. 13, 1986.

Robert K. Mayer, Shelly Waxman, Shelly Waxman & Associates, South Haven, Mich., Richard Salas, Thousand Oaks, Cal., for plaintiff.

Moshe Jacobius, Asst. Atty. Gen., Chicago, Ill., for defendants Illinois Human Rights Com'n, Strauss and Puchalski.

James D. Montgomery, Robert L. Janega, Corp. Counsel of City of Chicago, Chicago, Ill., for defendants Chicago Cook County Criminal Justice Com'n, O'Connell and Leslie.

## ORDER

NORGLE, District Judge.

This is a two count discrimination case which has been litigated for some time on two fronts. Plaintiff has pursued his case in the Illinois court system through an administrative law judge (ALJ), the Illinois Human Rights Commission, to the Circuit Court of Cook County and the Illinois appellate court where it now rests. At roughly the same time, plaintiff brought this action in federal district court where a portion of the complaint was dismissed. That dismissal was affirmed by our court of appeals. The matter is now before this court on defendant's motion for summary judgment on the remaining two counts.

Not surprisingly, defendant's principal argument in support of summary judgment is based on collateral estoppel and *res judicata*. Plaintiff's defense to this motion for summary judgment on the remaining counts, which plaintiff admits arises from the same incident and is based on substantially the same facts and evidence, is that there are issues of fact regarding a first amendment violation which have never before been litigated in the state proceedings.

■ The motion for summary judgment is denied. Defendant has not met its burden in establishing the prerequisites of collateral estoppel. *See Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir.1984). Plaintiff concedes that the only remaining issue regarding his termination is whether his discharge was done in violation of his first amendment right of free speech.[1] This first amendment issue has neither been litigated, nor actually nor necessarily determined by the state before the ALJ or in any other proceeding. No prior proceeding discussed the issues surrounding the burdens of proof established in *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471

---

1. *See Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment 2, 5.*

(1977), which governs the extent to which governmental entities may regulate the speech of public employees. *Cf. Pickering v. Board of Ed.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Nor has defendant identified the discussion of these factors anywhere in the record. In light of this failure, this court cannot conclude that the first amendment issue has been previously adjudicated.[2]

■ Defendant has also failed to establish the requirements of administrative *res judicata*. *See Buckhalter v. Pepsi-Cola Gen. Bottlers*, 768 F.2d 842 (7th Cir.1985). Defendant has failed to show an identity of the cause of action in the prior proceeding (race discrimination) with this proceeding (free expression). The issues and facts central to the first amendment claim are not the same as those central to the race discrimination claim. The two causes of action are therefore distinct and res judicata does not apply.

■ It is reasonably clear that the analysis in *Mt. Healthy* will control the outcome of this litigation.[3] If plaintiff can demonstrate that his constitutionally protected conduct played a "substantial" role in the employer's decision not to rehire him, the defendant may then show that it would have reached the same decision even in the absence of the protected conduct. The "but for" test is a difficult one to meet.

Suffice it to say, the court considers resolution of the case to rest on the ability of the parties to meet their respective burdens as stated in *Mt. Healthy* and its progeny. *E.g., Givhan v. Western Line Consol. School*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Grossart v. Dinaso*, 758 F.2d 1221 (7th Cir.1985); *Knapp v. Whitaker*, 757 F.2d 827 (7th Cir.1985); *O'Brien v. Town of Caledonia*, 748 F.2d 403 (7th Cir.1984); *Hermes v. Hein*, 742 F.2d 350 (7th Cir.1984); *Beard v. O'Neal*, 728 F.2d 894 (7th Cir.1984); *Selzer v. Fleisher*, 629 F.2d 809 (2d Cir.1980); *Swilley v. Alexander*, 629 F.2d 1018 (5th Cir.1980); *Ratliff v. City of Milwaukee*, 608 F.Supp. 1109 (D.C.Wisc.1985).

Defendant's motion for summary judgment on theories of collateral estoppel and *res judicata* is denied.

IT IS SO ORDERED.

---

**2.** Defendant suggests that the Human Rights Commission's decision that plaintiff's discharge was based on legitimate, nondiscriminatory reasons insulates or precludes inquiry into defendant's motives in the first amendment context. While the burdens of proof in *Mt. Healthy* and *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) (*see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)) are similar, the two doctrines involve different rights, have different policy justifications, and somewhat different burdens. *See Givhan v. Western Line Consol. School*, 439 U.S. 410, 415–17, 99 S.Ct. 693, 696–97, 58 L.Ed.2d 619 (1979). Based upon these distinctions the court declines to follow the parallel suggested by defendant.

**3.** Plaintiff cites three recent Supreme Court cases in support of his position. The citation to these cases is puzzling because not one of them is relevant, even peripherally, to the first amendment issue plaintiff concedes is the last remains of his complaint. *See Anderson v. Bessemer City*, —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (examines the meaning of "clearly erroneous" in reference to a finding of fact under Fed.R.Civ.P. 52(a)); *Cleveland Bd. of Ed. v. Loudermill*, —— U.S. ——, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (examines what process is due in a pretermination hearing) *Brandon v. Holt*, —— U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (naming a defendant in his official capacity is sufficient to find liability against the municipality). Citation to such inappropriate authority is not only bothersome, but it also makes the court doubt the validity of plaintiff's central argument.